No. 9981.

CHRISTIE ET AL., EXECUTORS, *v.* WADE, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Exceptions to Account Current.*—Exceptions to an account current of an executor or administrator are proper, under section 2391, R. S. 1881, only to test the correctness thereof, and should not be entertained for other purposes.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellants.
*L. M. Campbell,* for appellee.

FRANKLIN, C.—On the 7th day of October, 1881, appellants filed their report as executors of William Christie, deceased, showing therein that they were chargeable with the sum of $8,001.58, and were entitled to credits in the sum of $2,820.13, leaving a balance of $5,181.45 in the hands of said executors to be accounted for.

The appellee as administrator of Elizabeth Christie's estate, she having been the widow, on the first day of the January term, 1882, filed his exceptions to said report.

Appellants moved to strike out the exceptions, which motion was overruled. They then demurred to the exceptions, which

was also overruled. Appellants declined to reply further, elected to stand upon their motion and demurrer. On proof judgment was rendered for appellee, refusing to confirm the report, ordering appellants to pay appellee the sum of $800.00, and for appellee for costs. Appellants moved to modify the judgment, which was overruled; they then objected and excepted to the rendition of the judgment.

· The errors assigned are:

1st. Overruling the motion to strike out.

2d. Overruling the demurrer to the exceptions.

3d. Overruling the motion to modify the judgment.

4th. Overruling objections to rendering the judgment.

The exceptions to the report substantially contain the following allegations:

The appellant's testator died May 29th, 1878, leaving personal property to the amount of $1,100.00, and real estate which was sold by appellants under the will after the death of Elizabeth Christie, the widow, of the value of $7,000.00, and there were debts to the amount of $1,500.00. The widow was the second wife, without children by the testator, and died October 20th, 1880, intestate. She and William lived together as husband and wife for forty-five years, and at the time of their respective deaths were about ninety years old. That Elizabeth, from the time her husband died until her own death, was of unsound mind and incapable of transacting any business, but, as far as she was able to express herself, desired that the provisions made for her in the will of her husband should be carried out, and on June 22d, 1878, upon the procurement of appellants, filed her election to take under the will. But that she afterwards, being induced so to do by the refusal of appellants to pay her absolute claim of $500.00, employed counsel and brought a suit against appellants to set aside her election to take under the will. Appellants were defaulted, and the court, on October 4th, 1878, rendered a decree setting aside said election, and ordering appellants to settle with her under the law, which decree is still of record.

The judge of the court and her attorney, at that time, were ignorant of her true condition, but appellants knew of her helpless and dependent condition and her incompetency.

Before her death Elizabeth incurred indebtedness to the amount of $1,000.00 for her support, "for which her estate is now liable." Appellants have paid out on debts, claims and legacies over $3,000.00, and have never paid any part of the legacy left the widow. The only sum the widow received from the estate was her claim for $500.00. Appellee filed a claim against the estate for the legacy now in dispute, but appellants refused to allow it, and he dismissed it. The item in the will under which the legacy is claimed, is set out in the exceptions as follows:

"I will and bequeath to my beloved wife Elizabeth Christie all my household and kitchen furniture that she may see fit and proper to take and keep, and for her to do with the same as she chooses, and should any of the same remain on hand at the time of her death, it is my will that it pass to my estate; and, further, I will and bequeath unto my said wife, in lieu of her life-estate in my lands, and for her comfortable maintenance during her natural life, the sum of one thousand dollars, to remain in the hands of my executors, and the interest on the same to be by them paid out for her benefit, and also so much of the principal as may be necessary for her comfortable support, also to be by them paid out."

The court, in its judgment upon overruling the demurrer to the exceptions, ordered the former judgment of the court setting aside the election to take under the will, and ordering appellants to settle with the widow under the law, to be vacated and set aside, and gave judgment for appellee for $800.00, as so much of the legacy due under the will.

This is a singular judgment upon exceptions to a report. It will be observed that the report was not in final settlement, but only an account current, including so much of the executors' doings, leaving a large amount of the assets of the estate yet in their hands to be accounted for.

The 2389th section of the Revision of 1881 provides for making and filing such accounts. The 2390th section provides that the clerk shall give notice when the same shall be heard. The 2391st section provides for hearing and determining the same; and among these provisions are the following: "Any person interested in the distribution of the assets may appear and contest the correctness of the account." "Exceptions may be filed to such report, and heard and determined as in other cases. If the court, upon its hearing or upon the report of such commissioner, find that the account is erroneous, it shall order an immediate amendment or new account, as the case may require. If the account be found correct, the court shall approve the same, and fix the amount to be paid and allowed for expenses of administration to date."

In the case under consideration the report was made and filed and the notice given of the time of hearing. Appellee appeared at the proper time and filed his exceptions. These exceptions do not allege or point out any error contained in the report. They do not show that the executors have not properly charged themselves, or that they are not entitled to any or all of the credits therein claimed, or that there has been any violation whatever of the provisions of section 2389, *supra*. The exceptions only charge that the will has not been administered and carried out in all its parts, and appellee claims nothing else. If this be true, it is not a sufficient objection to the report. There are plenty of assets yet in the hands of the executors to meet any requirements of the will that are insisted upon by appellee. But we do not understand that exceptions to a report is the proper remedy for getting a claim allowed against the estate, where the report says nothing about such claim, or to procure a construction of the will or any of its provisions, when the question involved is not embraced in, nor has any connection with, the contents of the report. If the report is incorrect it should be amended or a new one filed; but if it is correct in so far as it goes, and no additions are required, it should be approved, and

leave all collateral questions to be settled by independent proceedings instead of by exceptions to the report.

The questions 'presented and discussed by counsel in relation to the validity of an election to take under the will by a widow of unsound mind. The effect of the judgment of the court in setting aside such election; the right of any other person to make an election for her; her death without having made any valid election, and the allowance of her claim for the legacy or any part thereof against the estate, are questions not properly presented by attempted exceptions to the report of the executors, and we decide nothing in relation to them. The demurrer was improperly filed.

The court erred in overruling the motion to strike out the exceptions. For this error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered upon the foregoing opinion that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to strike out the exceptions to the report, and for further proceedings in accordance with this opinion.